IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAZARO HERNANDEZ DIAZ,<br>　　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | EP-26-CV-00437-DB |
| U.S. DEPARTMENT OF HOMELAND<br>SECURITY, *et al.*,<br>　　　Respondents. | §<br>§<br>§<br>§ | |

### ORDER TO SHOW CAUSE & PREVENT PETITIONER'S REMOVAL FROM DISTRICT AND UNITED STATES

On this day, the Court considered the above-captioned case. On February 12, 2026, Petitioner Lazaro Herandez-Diaz filed a "Petition for a Writ of Habeas Corpus Pursuant and Request to Show Cause," ECF No. 1. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. *Id.* at 1. He argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 16.

Petitioner is a Cuban national who entered the United States in 1991. *Id.* at 6. In September 2008, an Immigration Judge ("IJ") ordered Petitioner removed from the United States. *Id.* at 7. After receiving his final order of removal, Petitioner was released pursuant to an Order of Supervision, the terms of which Petitioner complied with since his enrollment. *Id*. On July 17, 2025, Petitioner was taken into custody by ICE during one of his scheduled check-ins. *Id.* Among other things, Petitioner argues his current detention violates his procedural due process rights because he was not provided with a notice of revocation, nor an informal interview. *Id.* at 14–16. Petitioner further alleges his detention violates his substantive due process rights because he has been in custody over 6-months with no significant likelihood of removal to Cuba or a third country. *Id.* at 13–14.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026); *Huang v. Superintendent, ERO El Paso Camp East Montana*, No. EP-25-CV-00730-DB (W.D. Tex. Jan. 30, 2026). The same is true on the substantive due process grounds. *See Singh v. Taylor*, No. EP-26-CV-00155-DB, 2026 WL 360913 (W.D. Tex. Feb. 9, 2026). As such, it appears from the writ that it should be granted.[1] Nonetheless, this Court will afford Respondents three days to respond as to why it should not be. In so doing, Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.

Further, this case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court orders them not to do so,[2] this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of

---

[1] 28 U.S.C § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. . .").

[2] *See, e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025).

Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

Accordingly, **IT IS HEREBY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.

**IT IS FURTHER ORDERED** that Respondents **SHOW CAUSE** why such writ should not be granted by filing a response no later **no later than February 18, 2026.**

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than February 20, 2026.**

**SIGNED** this **13th** day of **February 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE