IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LAZARO HERNANDEZ DIAZ,** §<br>    Petitioner, §<br> §<br>v. §<br> §<br>**U.S. DEPARTMENT OF HOMELAND** §<br>**SECURITY**, *et al.*, §<br>    Respondents. § | | EP-26-CV-00437-DB |

**ORDER**

On this day, the Court considered the above-captioned case. On February 12, 2026, Petitioner Lazaro Herandez-Diaz filed a "Petition for a Writ of Habeas Corpus Pursuant and Request to Show Cause," ECF No. 1. Petitioner is currently detained at the Camp East Montana Detention Facility in El Paso, Texas in the Western District of Texas. *Id.* at 1. He argues his detention is unlawful and asks the Court to order his immediate release. *Id.* at 16. On February 13, 2026, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 3 at 3.

Petitioner is a Cuban national who entered the United States in 1991. ECF No. 1 at 6. In September 2008, an Immigration Judge ("IJ") ordered Petitioner removed from the United States. *Id.* at 7. After receiving his final order of removal, Petitioner was released pursuant to an Order of Supervision, the terms of which Petitioner complied with since his enrollment. *Id.* On July 17, 2025, Petitioner was taken into custody by ICE during one of his scheduled check-ins. *Id.* Among other things, Petitioner argues his current detention violates his procedural due process rights

because he was not provided with a notice of revocation, nor an informal interview. *Id.* at 14–16. Petitioner further alleges his detention violates his substantive due process rights because he has been in custody over six months with no significant likelihood of removal to Cuba or a third country. *Id.* at 13–14.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Qudus v. Noem*, No. EP-25-CV-00679-DB (W.D. Tex. Jan. 20, 2026); *Huang v. Superintendent, ERO El Paso Camp East Montana*, No. EP25-CV-00730-DB (W.D. Tex. Jan. 30, 2026). The same is true on the substantive due process grounds. *See Singh v. Taylor*, No. EP-26-CV-00155-DB, 2026 WL 360913 (W.D. Tex. Feb. 9, 2026). In their Response, Respondents fail to meaningfully address the procedural due process violations alleged by Petitioner. *See generally* ECF No. 4. Respondents do not present any evidence that ICE complied with the revocation procedures set forth in 8 C.F.R. § 241 or otherwise refute Petitioner's allegations that he was never provided notice nor an opportunity to respond to the reasons for revocation. ECF No. 1 at 14–16. As such, the Court finds Respondents did not follow their own regulations in 8 C.F.R. § 241, nor provide any constitutionally required alternative, thereby depriving Petitioner of his "liberty . . . without due process of law." U.S. CONST. amend V.

Further, while Respondents contend they have taken steps to effectuate removal to Mexico, they have not provided concrete facts to show removal is significantly likely in the reasonably foreseeable future. As Petitioner points out in his Reply, Respondents have not produced documents showing Mexico is willing and ready to accept Petitioner. ECF No. 5 at 2. Respondents also do not make clear what effect a change in geographic location (*i.e.* moving Petitioner from El Paso to Arizona) has on the significant likelihood removal will finally be effectuated. *See generally*

ERO Declaration, ECF No. 4-1 (highlighting the procedure that "[w]hen aliens refuse to comply with CVNH removal from USA to Mexico at the El Paso, Texas Port of Entry, ERO transfers the individual to a facility in Arizona that effectuates third country removals to Mexico for detainees who have failed to comply with removal orders" without offering specific facts as to how this will compel compliance); *see also* Reply, ECF No. 5 ("This request is no doubt ominous. And begs the bigger questions, what occurs at this unnamed facility in Arizona? What tools does ERO in the Arizona facility use to "effectuate[]" an individual's removal that ERO in El Paso does not possess."). In any event, should Respondents be ready to remove Petitioner, they can do so after properly revoking his release by following their own regulations, but only after Petitioner receives the habeas relief to which he is entitled to at this moment.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Qudus* and this Court's subsequent immigration habeas cases brought by petitioners alleging violations of 8 C.F.R. § 241, **IT IS HEREBY ORDERED** Petitioner Lazaro Herandez-Diaz's "Petition for a Writ of Habeas Corpus Pursuant and Request to Show Cause," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody subject to reasonable conditions of supervision by <u>**no later than February 23, 2026.**</u>

**IT IS FINALLY ORDERED** that the parties **SHALL CONFER AND FILE** a joint status report confirming Petitioner has been released and advising the Court whether any matters remain to be resolved in this case by **no later than February 26, 2026**.

**SIGNED** this **20th** day of **February 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE